# **Exhibit A**

THE COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SC                                                                WORCESTER SUPERIOR COURT

|  |  |
|---|---|
| FRANCES HAYES,<br>    Plaintiff,<br><br>vs.<br><br>EVERGREEN CENTER, INC.,<br>    Defendant. | C.A. No.: 2020– |

## COMPLAINT AND JURY DEMAND

Plaintiff, Frances Hayes, hereby complains as follows:

1. Plaintiff is an individual residing in Providence, County of Providence, State of Rhode Island.

2. Defendant, Evergreen Center, Inc. ("Evergreen Center"), is a corporation organized under laws of Massachusetts with a main office at 345 Fortune Boulevard., Milford, County Worcester, Commonwealth of Massachusetts.

## JURISDICTION

4. The jurisdiction of the Superior Court is established pursuant to M.G.L. 151B §9.

## FACTS

5. Plaintiff was employed by Defendant at all times relevant to this matter.

6. Evergreen Center serves children aged six to twenty-one that have been diagnosed with autism, severe intellectual impairments, developmental disabilities and physical handicaps. (These children are referred to hereinafter as "students".)

7. At the time her discrimination claim arose, Ms. Hayes worked for Evergreen Center as an instructor, working with developmentally disabled students at multiple facilities run by Defendant.

8. At all times relevant to this matter, Plaintiff was fully able to perform the essential functions of her position.

9. In March 2018, Ms. Hayes informed her employer that she was pregnant. Around the same time, she began to experience migraine headaches that were caused by her pregnancy. At times, the headaches were severe enough to require emergency medical treatment. Ms. Hayes' headaches also made her very sensitive to loud noises.

10. Loud noises were rarely an issue for Ms. Hayes while working for Evergreen Center. However, not all Evergreen Center locations were the same in this regard. Some students at Defendant's facilities are afflicted with behavior problems so severe that they are unable or unwilling to control themselves. Their behavioral problems often manifested in the form of repetitious, disruptive, sometimes violent behavior.

11. During her employment, Ms. Hayes learned that there were several students whose behavior included yelling, screaming or banging repeatedly. All students occasionally make noise, but these particular students were well known for the frequency and volume of the noise they made.

12. Defendant's Westhill and Hopedale facilities were two facilities that Plaintiff knew had a reputation for having noisy, disruptive students. Instructors and management knew that students at other locations (e.g., Chapin Street, Mendon 1, Hixon) were less disruptive and made less noise.

13. Ms. Hayes soon noticed that her migraine headaches were exacerbated by noise she experienced while working at the Hopedale facility. If she was to continue working through her pregnancy (as she intended), Ms. Hayes realized that it would be necessary to avoid working in the company's louder locations such as Hopedale and Westhill.

14. As a fulltime employee, Ms. Hayes had little control over where she was assigned to work. She realized that the best way to control where she worked was to switch from being a scheduled full-time employee to working as a substitute. As a substitute, Ms. Hayes would perform the exact same job, but she would not be scheduled to work at a set time and location. substitutes are offered their work assignments on short notice when they are contacted by "Agency Charges" (supervisors) to provide additional staffing. When the Agency Charge calls a substitute to offer a shift, they also communicate the time and location of the shift and the substitute may accept or reject the offer to work.

15. On April 4, 2018, Ms. Hayes discussed having more control over her schedule with Erin Conant, Supervisor for the substitute Residential Staff. Ms. Hayes had been working as an instructor and wanted to continue working as an instructor as a substitute. She approached Ms. Conant seeking this accommodation. She informed Ms. Conant that she was experiencing pregnancy-related migraines and that noisy environments contributed to the problem.

16. Ms. Conant informed Ms. Hayes that she should get a medical note for her migraine headaches but did not tell Ms. Hayes that she should contact the company's Human Resource Department and did not give any instruction to Ms. Hayes about what she should do with the doctor's note once she had it. She did not identify any procedure or protocol for her to follow for her accommodation request to be considered.

17. Ms. Conant suggested that Ms. Hayes work a Monday through Friday schedule. This would reduce her hours and would give her no control of where she worked. In effect, her suggestion was to reduce Ms. Hayes' hours while denying the accommodation of choosing where she worked. Ms. Hayes declined this offer.

18. On April 5, 2018, Ms. Hayes formally applied for a substitute position.

19. On April 18, 2018, after working a particularly difficult shift at the Hopedale location (followed by a second shift at Mendon II), Ms. Hayes spoke with Agency Charge Naii Artey – who had come to the Mendon II facility for a spot check. He asked her at that time if she could cover a shift the next day.

20. Ms. Hayes responded that she would do so as long as she did not have to cover that shift at Hopedale because there was a student there who yelled constantly, and she knew it was likely to cause her another migraine. She explained to him that she suffered from pregnancy-related migraines.

21. Mr. Artey agreed not to require her to work at Hopedale if she covered a shift the next day. He also asked her to drive one of her coworkers to work.

22. On April 19, 2018 at 8:00 AM, while driving the coworker in to work, Ms. Hayes decided to call the company to confirm where she would be working. The Agency Charge that morning, "Mary", informed Ms. Hayes that she was scheduled to work at Hopedale, while her coworker was scheduled to work at Mendon 1.

23. Ms. Hayes (who was driving) had her coworker explain to Mary about her migraines. Mary informed Ms. Hayes that she had to report to Hopedale or go home. Mary refused to even answer Ms. Hayes' questions about the possibility of working at other units.

24. Ms. Hayes went home, but during the day, she continued to call in to work to rectify the situation.

25. After multiple calls, Plaintiff was finally able to speak with Agency Charge Jacob Blie. He informed her that he had been instructed to tell her that she was suspended for refusing to work at Hopedale. He also informed her that she needed to speak with Manager Scott Dacosta before she would be allowed to return.

26. Ms. Hayes filed her Charge of Discrimination on April 23, 2018 alleging pregnancy discrimination and failure to accommodate.

27. On April 24, 2018, Ms. Hayes attended a meeting with Ms. Conant and Mr. DaCosta. Mr. DaCosta immediately informed her that the company would not permit the accommodation she requested. Rather than approving her request, DaCosta and Conant encouraged Ms. Hayes to apply for a part-time position or a full-time position with a set schedule. If she accepted either, Plaintiff's hours would be reduced significantly.

28. If placed on a fixed full or part-time position, Ms. Hayes would be unable to refuse to work at a specific location like other substitutes could do.

29. The only direction Ms. Conant and Mr. DaCosta gave to Ms. Hayes regarding her accommodation request was to obtain a doctor's note to support her disability claim. They gave no other direction or instruction about how to pursue her request for accommodation. Finally, they informed Ms. Hayes that if she were interested in making up the hours she had lost while she was on suspension, she could do so by working at the Hopedale location (the location she had sought to avoid on April 19 due to noise) or Northbridge.

30. The possibility of her being scheduled at the Northbridge facility was raised by Mr. DaCosta for the first time during the accommodation discussion. This location had a reputation for

handling difficult students who frequently acted out, sometimes violently. Ms. Hayes believed that Mr. DaCosta's suggestion that she work there was a threat, suggesting that he planned to assign her to one of the worst units in the company in the future.

31. Ms. Hayes submitted a doctor's note on April 27, 2018 to support her request for an accommodation. She once again requested assignment to a substitute position starting April 30, 2018, but Ms. Conant emailed Ms. Hayes and denied this request falsely claiming that the substitute position requires flexibility.

32. Five days after Ms. Hayes returned to work following her suspension, she was forced to leave work due to a migraine headache that required treatment at the Emergency Room. Evergreen knew at the time that Ms. Hayes had received emergency treatment for the migraine. It still refused to grant the accommodation request.

33. On May 1, 2018, Ms. Hayes provided a second doctor's note advising that she avoid noise. Ms. Hayes gave this note to a company executive, who was aware of her accommodation request and had the authority to approve it. He made no comment about the note. Following the delivery of this second note, Respondent made no attempt to accommodate Ms. Hayes.

34. After her suspension, Plaintiff was required to work at Westhill from that point on. Westhill also had a reputation for loud and disruptive students. Students "Cody" and "Alison" frequently scream, and student "Hardy" would scream and bang his head repeatedly against doors.

35. Finally, after Plaintiff was violently kicked by another Westhill student, "Britney," Ms. Hayes resigned on June 6. Her resignation was a direct result of Respondent's insistence that she work at one of its worst facilities while pregnant and disabled.

36. The Massachusetts Commission Against Discrimination dismissed Ms. Hayes claims at her request on November 2, 2020.

## COUNT I
(Americans with Disabilities Act
42 U.S.C. Section 12101, et seq.)

37. Plaintiff repeats the allegations contained in Paragraphs 1 through 36.

38. Plaintiff was qualified for her job and was able to perform the job's essential functions.

39. Defendant discriminated against Plaintiff because she had a pregnancy-related medical condition and it denied her request for accommodation.

40. Plaintiff was injured and otherwise damaged as a result of Defendant's discriminatory actions.

*WHEREFORE*, Plaintiff prays that this Honorable Court award her compensatory damages, lost wages, emotional distress damages, attorney's fees, costs, punitive damages, and such other relief as the Court deems just.

## COUNT II
(M.G.L. c. 151B, §1, et seq.)

40. Plaintiff repeats the allegations contained in Paragraphs 1 through 36.

41. Plaintiff was qualified for her job and was able to perform the job's essential functions.

42. Defendant discriminated against Plaintiff because she had a pregnancy-related medical condition and it denied her request for accommodation.

43. Plaintiff was injured and otherwise damaged as a result of Defendant's discriminatory actions.

*WHEREFORE*, Plaintiff prays that this Honorable Court award her compensatory damages, lost wages, emotional distress damages, attorney's fees, costs, punitive damages, and such other relief as the Court deems just.

## COUNT III
(M.G.L. 151B §4 - Retaliation)

44. Plaintiff repeats the allegations contained in Paragraphs 1 through 36.

45. Plaintiff requested an accommodation for her pregnancy-related disability and opposed Defendant's refusal to grant the request.

46. Defendant engaged in various acts of retaliation against the Plaintiff including unfavorable shift assignments and disciplinary action.

47. Plaintiff was damaged as a result of Defendant's discriminatory actions.

*WHEREFORE*, Plaintiff prays that this Honorable Court award her compensatory damages, lost wages, emotional distress damages, attorney's fees, costs, punitive damages, and such other relief as the Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts.

Plaintiff,

FRANCES HAYES,

By her attorney,

/s/ Joseph R. Daigle
Joseph R. Daigle, #564203
DAIGLE LAW, P.C.
650 Ten Rod Road, Suite 128
North Kingstown, RI 02852
(401)379-9675
Fax: (401)633-6217
jrd@jdaiglelaw.com

Dated: December 31, 2020

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>2185CV00005 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Hayes, Frances vs. Evergreen Center Inc | | Dennis P. McManus, Clerk of Courts |
| TO: Joseph R Daigle, Esq.<br>Daigle Law, P.C.<br>650 Ten Rd Rd Suite 128 B<br>North Kingstown, RI 02852 | | COURT NAME & ADDRESS<br>Worcester County Superior Court<br>225 Main Street<br>Worcester, MA 01608 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**          **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/05/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 05/04/2021 | |
| All motions under MRCP 12, 19, and 20 | 05/04/2021 | 06/03/2021 | 07/06/2021 |
| All motions under MRCP 15 | 05/04/2021 | 06/03/2021 | 07/06/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 11/01/2021 | | |
| All motions under MRCP 56 | 11/30/2021 | 12/30/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/29/2022 |
| Case shall be resolved and judgment shall issue by | | | 01/04/2023 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to Civil "C" session. Please indicate this session letter on every filing

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 01/05/2021 | | |

Date/Time Printed: 01-05-2021 09:54:02      SCV026\ 08/2018

| Summons | CIVIL DOCKET NO.<br>2185CV00005C | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br><br>Frances Hayes<br>Plaintiff(s)<br><br>vs.<br><br>Evergreen Center, Inc.<br>Defendant(s) | | Dennis P. McManus — Clerk of Courts<br>Worcester — County<br>COURT NAME & ADDRESS:<br>Worcester Superior Court<br>225 Main Street<br>Worcester, MA. 01608 |

THIS SUMMONS IS DIRECTED TO **Evergreen Center Inc.** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

2-18-21  A TRUE COPY ATTEST

DEPUTY SHERIFF

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _____, Chief Justice on ___1-5-21___, 20_21_ . (Seal)
Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____                        Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

rev. 1/2019

| Summons | CIVIL DOCKET NO. 2185CV00005C | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Frances Hayes Plaintiff(s) vs. Evergreen Center, Inc. Defendant(s) | | Dennis P. McManus, Clerk of Courts Worcester County COURT NAME & ADDRESS: Worcester Superior Court 225 Main Street Worcester, MA 01608 FILED MAR - 8 2021 ATTEST [signature] CLERK |

THIS SUMMONS IS DIRECTED TO _Evergreen Center Inc._ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court _____ (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _____, Chief Justice on __1-5-21__, 20__21__. (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

**PROOF OF SERVICE OF PROCESS**

I hereby
in this a     **Worcester County Sheriff's Office P.O. Box 1066 Worcester, MA 01613 (508) 752-1100**

2/19/2021

I hereby certify and return that on 2/18/2021 at 3:50 PM I served a true and attested copy of the SUMMONS, COMPLAINT AND DEMAND FOR JURY TRIAL, CIVIL TRACKING ORDER (STANDING ORDER 1-88) in this action in the following manner: To wit, by delivering in hand to BRANDI BRITNELL, , agent, person in charge at the time of service for EVERGREEN CENTER, INC. at 345 FORTUNE BOULEVARD MILFORD, MA 01757 . Attest ($5.00) Mileage ($13.44) Service Fee ($30.00) Mailing ($3) ($3.00) Office Expense ($20.00) Conveyance ($4.50) Total: $75.94

N.B. T(

SUMMO

*[signature]*

Steven Trottier
Deputy Sheriff

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2185CV00005 | Trial Court of Massachusetts The Superior Court | eFile |
|---|---|---|---|
| **PLAINTIFF(S):** FRANCES HAYES | | **COUNTY** Worcester | |
| **ADDRESS:** 218 Lynch Street, Apt. #2, Providence RI, 02908 | | | |
| | **DEFENDANT(S):** Evergreen Center, Inc. | | |
| **ATTORNEY:** Joseph R. Daigle | | | |
| **ADDRESS:** 650 Ten Rod Road, Suite 128B North Kingstown, RI 02852 | **ADDRESS:** 345 FORTUNE BLVD., Milford, MA 01757 | | |
| **BBO:** 564203 | | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?
☐ YES   ☒ NO

Is this a class action under Mass. R. Civ. P. 23?
☐ YES   ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................... $_____
  2. Total doctor expenses ................... $_____
  3. Total chiropractic expenses ................... $_____
  4. Total physical therapy expenses ................... $_____
  5. Total other expenses (describe below) ................... $_____
      Subtotal (A): $_____

FILED
JAN 04 2021
ATTEST: _____ CLERK

B. Documented lost wages and compensation to date ................... $_____
C. Documented property damages to date ................... $_____
D. Reasonably anticipated future medical and hospital expenses ................... $_____
E. Reasonably anticipated lost wages ................... $_____
F. Other documented items of damages (describe below) ................... $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$_____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $_____

Signature of Attorney/ Unrepresented Plaintiff: X /s/ Joseph R. Daigle      Date: 12/31/2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X /s/ Joseph R. Daigle      Date: 12/31/2020